NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014[*]
Decided May 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 13-3271

| | |
|---|---|
| TRACY R. HOPKINS | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
|     *v.* | No. 13-cv-939-MJR |
| | |
| BRETT A. KLINDWORTH, et al., | Michael J. Reagan, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Tracy Hopkins, an Illinois inmate, appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement (placement in a cold segregation cell without hot running water) and due-process violations concerning

---

[*] Appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

his lack of a hearing before being placed in segregation for a disciplinary infraction. We uphold the district court's dismissal of the due-process claim but believe that Hopkins has stated an Eighth Amendment claim with regard to the conditions of his prison cell, and thus we affirm in part, vacate in part, and remand for further proceedings.

As set forth in his complaint, the allegations of which we accept as true, *see Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013), Hopkins, then at Pickneyville Correctional Center (he has since been transferred to Menard), was placed in a segregation cell after fighting with another inmate. Two days later he was moved to another segregation cell, one that lacked hot water and had a broken window that was letting in cold air (the time of year was January and February). Because the cell window would not fully close, the "wind [kept] blowing through" it, making the cell "extremely cold." Hopkins told prison guard Darwin Jassel about the cold draft and the lack of hot faucet water and Jassel agreed to put in a work order. During the next prison-guard shift, Hopkins also told guard Jason Contes of the cell's conditions. Four days later Hopkins complained to both Jassel and Contes that nothing had been done, and Jassel told Hopkins to file a grievance (which he did). For the 14 days that he stayed in the cell (until being released from segregation), neither the window nor the hot-water situation was resolved. Despite being "fully aware of the conditions," both Jassel and Contes ignored his entreaties and took no steps to relieve him of the conditions, and as a result Hopkins endured "cold, painful numbing." Hopkins also alleged that he was kept in segregation for 16 days (2 days in his first segregation cell and 14 days in the cold cell), in violation of the Illinois Administrative Code. *See* ILL. ADMIN. CODE tit. 20, § 504.80(k)(3) ("unless the offender is placed in investigative status, the individual may not be confined more than 14 days for adult offenders").

The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it with prejudice for failure to state a claim. Regarding the conditions-of-confinement claim, the court acknowledged Hopkins's allegations that the cell conditions left him "uncomfortably cold and numb" but determined that their "temporary" nature—"only 14 days in the cell"—precluded any objectively serious threat to his health under the Eighth Amendment. As for Hopkins's claim that the defendants failed to conduct a disciplinary hearing within the requisite 14-day time frame, the court concluded that it was not the federal courts' role to enforce state laws, much less state administrative regulations, and in any event, Hopkins had no liberty interest in remaining free from being placed in segregation.

On appeal Hopkins challenges the district court's dismissal of his conditions-of-confinement claim, arguing that he adequately alleged constitutional violations with regard to the cold air that seeped into the cell through the unrepaired window, as well as the absence of running hot water. We agree that his allegations concerning the extreme cold air stated an Eighth Amendment claim. Reminiscent of other cases in which we've reversed dismissals of claims concerning official disregard of frigid conditions of confinement, Hopkins here alleged that for two weeks during a frigid winter he was subjected to extremely cold conditions when prison guards, without explanation, ignored his repeated requests to have the broken window repaired. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (allegations that prison officials deliberately failed to provide blankets in "extremely cold indoor air"); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995) (allegations that prisoner endured week and a half in cell without adequate heat); *Walker v. Schult*, 717 F.3d 119, 127–28 (2d Cir. 2013) (allegations that prisoner suffered through "freezing cold" conditions in winter months). These allegations are sufficient to state a claim.

The district court, however, properly dismissed Hopkins's claims relating to the absence of hot water in his cell. Prisoners do not have a constitutional right to hot water under the Eighth Amendment. *See Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) ("[I]t suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison.").

Hopkins also challenges the dismissal of his due-process claim, arguing that he was improperly placed in segregation without a pre-deprivation hearing. In his view the absence of such a hearing meant that he had been deprived of liberty without due process. But prisoners do not have a liberty interest in avoiding a transfer from the general prison population to discretionary segregation (e.g., detention for administrative, protective, or investigative purposes). *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008). Furthermore, Hopkins's 16-day stay in segregation was not so long as to create significant hardship that would give rise to a liberty interest. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (prisoner's 90-day stay not "so long as to work an atypical and significant hardship"); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (prisoner's 70-day stay in investigative and disciplinary segregation did not cause a significant hardship or change in overall prison environment).

Accordingly, the judgment dismissing Watkins's conditions-of-confinement claim concerning the cold conditions is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order. In all other respects the judgment is **AFFIRMED**.